# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 19, 2012

Lyle W. Cayce
Clerk

No. 11-30435
Summary Calendar

BEN H. SCOTT,

Petitioner - Appellant

v.

VENETIA T. MICHAEL, Warden,

Respondent - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-1262

Before BARKSDALE, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Proceeding *in forma pauperis*, Ben H. Scott, Louisiana prisoner # 94592, contests the denial of his 28 U.S.C. § 2254 habeas petition, in which he challenges his first-degree-robbery conviction. Our court granted a certificate of appealability for one of four requested issues: whether the state trial court erred in failing to suppress his out-of-court identification as the product of an overly suggestive "show up" procedure. Along that line, Scott challenges such identification by Sandi Roe.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

At approximately 10:30 p.m. on 30 January 2004, Roe was working at a service station when a man entered the store and announced he was robbing it. Roe saw the man's hand resting on what she believed to be the butt of a firearm in his waistband. The man handed Roe a clear plastic bag and told her he wanted cigarettes; lighters; and money from the register, which Roe dumped into the bag. After instructing Roe to give him the bag, he exited the store.

After the man left, Roe called 911 from the store telephone. When there was no answer, she called 911 from her cellular telephone and went outside, where she observed the perpetrator entering a small, dark blue, Toyota-like truck. Roe told the 911 dispatcher that the perpetrator was wearing a dark hat, sunglasses, a blue bandanna, dark jeans, and a blue-checkered shirt, with a shirt underneath. Police located and pursued the truck, and Scott was apprehended after fleeing the vehicle.

Roe was brought to the scene of the apprehension within 30 minutes of the robbery, where she positively identified Scott as the perpetrator. At the time of his apprehension, Scott was wearing a black, instead of a blue-checkered, shirt.

On direct appeal, Scott challenged, *inter alia*, the denial by the trial court of his motion to suppress the identifications by Roe and another. *State v. Scott*, 939 So. 2d 462, 467-68 (La. Ct. App. 2006). For the certified issue on appeal, Scott contends the state trial court erred in failing to suppress his out-of-court identification as the product of an overly suggestive "show up" procedure. In so doing, Scott claims, *inter alia*, that the identification is not reliable, based on his assertion that Roe never saw the perpetrator's face and misidentified his clothing.

Regarding an appeal from the denial of habeas relief, the district court's conclusions of law are reviewed *de novo*; its findings of fact, only for clear error. *E.g.*, *Austin v. Cain*, 660 F.3d 880, 884 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1914 (2012). As this claim was adjudicated in a state-court proceeding, it is evaluated under the "difficult to meet" and highly deferential standard contained

in 28 U.S.C. § 2254(d), *Harrington v. Richter*, 131 S. Ct. 770, 786-87 (2011), which states: a federal court may not grant habeas relief on a claim that was adjudicated on the merits by a state court unless the state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court", or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. § 2254(d). Regarding state-court factual findings, such findings are presumed correct and may be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Scott claims the state-court decision fails both prongs of 28 U.S.C. § 2254(d).

The Due Process Clause protects accused individuals from unreliable identifications resulting from impermissibly suggestive procedures. *E.g.*, *United States v. Sanchez*, 988 F.2d 1384, 1389 (5th Cir. 1993). The admissibility of identification evidence involves a two-step analysis: (1) "whether the identification procedure was impermissibly suggestive", *United States v. Shaw*, 894 F.2d 689, 692 (5th Cir. 1990); and (2) whether, under the totality of the circumstances, the procedure posed a "substantial likelihood of irreparable misidentification". *Id.* (internal quotation marks omitted). Factors to be considered in determining the likelihood of misidentification include: the opportunity of the witness to view the perpetrator; the witness' degree of attention; the accuracy of the witness' prior description; the level of certainty demonstrated at the confrontation; the length of time between the crime and the confrontation; and the corrupting effect of the suggestive identification itself. *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977).

Regarding step one of the above-described two-step analysis, a one-person show-up, as employed in this matter, may be an impermissibly suggestive procedure. *E.g.*, *Shaw*, 894 F.2d at 692. Even if impermissibly suggestive, pursuant to step two, a defendant identified in that manner is not entitled to relief unless, based on the totality of the circumstances, the procedure led to a

"substantial likelihood of irreparable misidentification" at trial. *Id.* (internal quotation marks omitted).

Even assuming the out-of-court identification procedure was impermissibly suggestive, under the requisite totality of the circumstances, this presented no substantial likelihood of misidentification. The state court concluded Roe had ample opportunity to view the perpetrator and was paying a high degree of attention given her testimony that she was face-to-face with him when he demanded money, and never took her eyes off him because she was afraid of what he would do.

It is true there were slight variations in Roe's description of certain items of clothing worn by the perpetrator. Nevertheless, these discrepancies were fully presented in the trial court and discussed in the state-court opinion for the direct appeal. *Scott*, 939 So. 2d at 467-68, 467 n.4. The state appellate court concluded: Roe told the 911 dispatcher the perpetrator was wearing "a shirt with a shirt under it"; and "[a] rational trier of fact could conclude the perpetrator shed his outer shirt prior to being apprehended". *Id.* at 467 n.4. Scott fails to show that the state appellate court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement". *Richter*, 131 S. Ct. at 786-87.

Roe was unequivocal in her testimony that Scott was the perpetrator, and the time between the crime and the confrontation was very short. Although the suggestive identification itself may weigh in Scott's favor, based on the totality of the circumstances, the likelihood of misidentification at trial was low. *E.g.*, *Manson,* 432 U.S. at 114. Accordingly, Scott has not rebutted, with the requisite clear-and-convincing evidence, the state court's determination of the facts in the light of the evidence presented at trial. 28 U.S.C. § 2254(e)(1). Nor has Scott shown the state-court decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

Court", or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding".  28 U.S.C. § 2254(d).

AFFIRMED.